## Case No. 6,688.

### HOPKINS v. LEWIS.

[3 App. Com'r Pat. 222.]

Circuit Court, District of Columbia. Oct. 20, 1859.

PATENT—INTERFERENCE — POWER OF COMMISSIONER—TESTIMONY.

[The granting of an extension of time for the taking of testimony in an interference case is within the discretion of the commissioner, and no appeal lies from his refusal, except in the case of a plain abuse of discretion.]

Appeal [by John R. Hopkins] from the decision of the commissioner of patents, refusing to grant him a patent for an improvement in apparatus for evaporating fluids, and awarding priority of invention to Junius L. Lewis therefor.

MORSELL, Circuit Judge. Hopkins states his claim thus: "I claim and desire to secure by letters patent the combination of the liquid to be evaporated with endless bands, ropes, or other textile substance presenting extensive surfaces, and with mechanical devices to move them, substantially as described." The commissioner in his decision adopts the report of the examiner, and says: "John R. Hopkins made his application for a patent October 19, 1858, for an improvement

[1] [Reprinted by permission.]

for accelerating evaporation by solar or atmospheric agency, and the nature of his invention differed in no respect substantially from that of Lewis. In place, however, of the flat band or web of cloth, Hopkins uses strands or bands of rope cloth or other textile material, and, after disclaiming the use of such for communicating motion or imparting velocity, he claimed the combination of the liquid to be evaporated with endless bands, ropes, or other textile substances presenting extensive surfaces, and with mechanical devices to move them, substantially as described. From the foregoing it may be perceived that the invention claimed by both is the same, and neither possess any point of novelty different from the other. Neither testimony nor argument is adduced on either side, and the only means possessed by the office is the examination of the records. Neither party caveated the invention. By reference to the date of filing the two applications, it is found that the application of Lewis antedates that of Hopkins by three months and sixteen days, the date of Hopkins' application being October 19, 1858, and Lewis, July 3, 1858. In view of the foregoing, it is recommended that the interference be dissolved, that a patent be directed to issue to Junius R. Lewis, priority of invention being awarded to him, and that the application of John R. Hopkins be refused." Immediately following, the commissioner says: "The above report is confirmed, priority of invention is adjudged to Lewis, and a patent directed to issue to him, dated 22d March, 1859." To this a paper writing was filed by Mr. Hopkins, called "Reasons for Appeal of J. R. Hopkins," which consists of a statement by him of the circumstances relating to the subject of his having failed to take his testimony under the authority of the commissioner, under the rules of the office, before the expiration of the time thereby limited. The facts so stated are upon the oath of said Hopkins, and, in substance, that, immediately after receiving the circular from the office designating the time of the trial of the interference which had been declared between this claim and said Lewis', he called on the attorneys of Lewis, and made appointment to meet said Lewis at their office to agree on the time and place of taking such testimony. In this, as well as in several subsequent attempts of the same kind, he was unsuccessful, until at length, when he was obliged to go to the state of Indiana and be absent several weeks, he again called on Messrs. Goddards, the counsel above alluded to, and told them that he could not wait any longer for an interview with Mr. Lewis, but must give them immediate notice to take the testimony, and would accept service of notice from them in reference to their testimony, to be forwarded to the commissioner of patents before going to Indiana, unless the matter could be put over until his return, when he would meet Mr. Lewis for the purpose above indicated. The Messrs. Goddards then informed the said Hopkins that Mr. Lewis would defer the matter until his return, and a verbal agreement was made between the Messrs. Goddards and the said Hopkins that the matter should rest, without prejudice to the interests of either party, until the return of said Hopkins from Indiana; that before the return of said Hopkins from Indiana the time expired, and the commissioner decided the case against him, etc.; also that he applied to the commissioner by letter for an extension of time, but that the same was not granted, etc.,—to which paper there are attached the depositions of several witnesses which tend to sustain his claim. The commissioner's report is not materially different, for the reasons given in the decision.

In this state of the case, according to previous notice given of the time and place of trial, the commissioner laid before me all the original papers, and the appellee, by his counsel, filed his argument in writing, in which he denies the agreement as stated in the aforegoing paper writing. I feel satisfied in this case, from the aforegoing statement, that the failure on the part of the appellant to take his testimony in time was owing to a misapprehension on his part as to the agreement which he states was made between him, and the counsel of the appellee, and his ignorance of the mode of applying to the commissioner for an extension of time for the purpose; and also that it appears from the depositions that there are merits in his claim, but that indulgence, under the rules of the office, is in the discretion of the commissioner to grant or refuse, and not a matter from which an appeal lies, unless, perhaps, for a plain abuse of discretion. As the substance of the statement is confined to the matter of refusal to extend the time for taking the testimony, which was discretionary with the commissioner, I consider the case as not regularly before me, and must therefore, and I do hereby, dismiss the said appeal, with a recommendation to the commissioner to reconsider the appellant's application for further time to take his testimony, that the ends of justice may be promoted.